Reza Sina   SBN 250428)
SINA LAW GROUP
3727 W. Magnolia Blvd. #277
Burbank, California 91505
Tel: 310.957.2057
Reza@sinalawgroup.com

Attorneys for Plaintiff,
Adan Martinez

THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFOPRNIA

| | |
|---|---|
| ADAN MARTINEZ, an individual,<br><br>              Plaintiff,<br><br>vs.<br><br>CITY OF SACRAMENTO, a Government Entity, ERIC TOOMEY, an individual police officer, and NICHOLAS CARO, an individual police officer,   and DOES 1 to 10, inclusive;<br><br>              Defendants, | CASE NO.:  21-626<br><br>**PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS & POLICE BRUTALITY** |

COMPLAINT

1

## INTRODUCTION

1.     This action is brought by Plaintiff ADAN MARTINEZ for actual damages, statutory damages, exemplary and punitive damages, declaratory relief, and injunctive relief enjoining and declaring unconstitutional the deprivations of the federal and state constitutional rights caused by the CITY OF SACRAMENTO, and their officials and personnel, including ERIC TOOMEY and NICHOLAS CARO, who subjected Plaintiff to unreasonable and excessive use of force by firing multiple gunshots into the windshield of the Plaintiff ADAN MARTINEZ despite the Plaintiff not possessing any threat to the health, safety, or welfare of the public or the officers involved in this brutal attack.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1331 (in that they arise under the United States Constitution), and 28 U.S.C. § 1343(a)(3) (in that the action is brought to address deprivations, under color of state authority, of rights, privileges, and immunities 7 secured by the United States Constitution). This Court has supplemental jurisdiction of the state law claims pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in the United State District Court for the Eastern District of California 10 pursuant to 28 U.S.C. § 1391(b) because Defendants are located in the Eastern District of California and because the acts and/or omissions described herein occurred in the Eastern District of California.

4.     Intradistrict venue is proper in the Sacramento Division of the Eastern District of California pursuant to E.D. Cal. L.R. 120(d) because the claims asserted herein arise from acts and/or omissions which occurred in the County of Sacramento, California.

## EXHAUSTION

5.     ADAN MARTINEZ submitted a government claim to the CITY OF

COMPLAINT
2

SACRAMENTO concerning his individual claims asserted in this action. On or about June 16, 2021, the government claim was rejected by the CITY. See Cal. Gov. Code § 912.4(c).

## **PARTIES**

6.    At all relevant times, Plaintiff, ADAN MARTINEZ was an individual residing in the County of Sacramento, California.

7.    At all relevant times, Defendant CITY OF SACRAMENTO ("CITY") is and was a duly organized public entity, form unknown, existing under the laws of the State of California.  At all relevant times, CITY was the employer of Defendants ERIC TOOMEY; NICHOLAS CARO and DOES 1-4, who were CITY police officers, DOES 5-6, who were CITY police officers' supervisorial officers, and DOES 7-10, who were managerial, supervisorial, and policymaking employees of the CITY Police Department.  On information and belief, at all relevant times, ERIC TOOMEY; NICHOLAS CARO and DOES 1-10 were residents of the County of Sacramento, California.  ERIC TOOMEY; NICHOLAS CARO and DOES 1-10 are sued in their individual capacity for damages only.

8.    At all relevant times, Defendants ERIC TOOMEY; NICHOLAS CARO and DOES 1-10 were duly authorized employees and agents of CITY, who were acting under color of law within the course and scope of their respective duties as police officers and with the complete authority and ratification of their principal, Defendant CITY.

9.    At all relevant times, Defendants ERIC TOOMEY; NICHOLAS CARO and DOES 1-10  were duly appointed officers and/or employees or agents of CITY, subject to oversight and supervision by CITY's elected and non-elected officials.

10.    In doing the acts and failing and omitting to act as hereinafter

described, Defendants ERIC TOOMEY; NICHOLAS CARO and DOES 1-10 were acting on the implied and actual permission and consent of CITY.

11.   At all times mentioned herein, each and every CITY defendant was the agent of each and every other CITY defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every CITY defendant.

12.   The true names of defendants DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sue these defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained.   Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

13.   Defendant CITY OF SACRAMENTO is a "public entity" within the definition of Cal. Gov. Code § 811.2.

14.   Defendants DOE 1 to 10 are and/or were agents or employees of Defendants CITY OF SACRAMENTO and/or SACRAMENTO POLICE DEPARTMENT and acted within the scope of that agency or employment and under color of state law. The true and correct names of Defendants DOE 1 to 10 are not now known and they are identified by their fictitious names. Plaintiff ADAN MARTINEZ, will substitute the true and correct names of Defendants DOE 1 to 10 when ascertained.

## FACTS COMMON TO ALL ALLEGATIONS

15.   At all times relevant herein, all wrongful acts described were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

16.   On or about the final hours of February 14, 2021, and/or the early hours of February 15, 2021, Plaintiff ADAN MARTINEZ was alerted to come to

the house of his children's mother because his vehicle was on fire and his belongings were being burned.

17.     Plaintiff ADAN MARTINEZ thereafter drove to the street where his children and their mother lived only to see his car is ashes and the Sacramento Police Officers lying in wait for him.

18.     Plaintiff ADAN MARTINEZ, decided not to stop at the location but rather to keep on driving ahead as officers started to follow him and turned on their sirens and lights and forced the Plaintiff ADAN MARTINEZ to accelerate past them.

19.     Plaintiff ADAN MARTINEZ can be seen in the Police dash cam video being pursued by Sacramento Police Officers while he tried to drive within the vehicle code by signaling his turns, and stopping at stop signs as much as practicable with Officers behind him trying to ram his vehicle.

20.     Plaintiff ADAN MARTINEZ after only a few miles of being chased by Sacramento Police Offices pulled into a parking lot of an industrial complex and was cornered by officers who rammed into the back of the plaintiff ADAN MARTINEZ's vehicle.

21.     Plaintiff ADAN MARTINEZ, with his windows rolled all the way up began a slow and safe 3-point turn in the corner of the industrial complex and attempted to slowly drive around the officers that were parked and outside of their vehicles pointing high powered firearms at the Plaintiff.  When Plaintiff attempted to drive around the vehicles the Sacramento Police Officers fired more than 20 shots into the front and side windshield of the Plaintiff ADAN MARTINEZ's mini-van causing 9 or more shots to strike him in the shoulder, arm, chest, stomach, pelvic area, hand and wrist.  As the Plaintiff lay in the vehicle bleeding to death another round of assault weapons were fired at him busting out the glass in all his windows and causing glass fragments to be absorbed into his bullet

wounds making his condition worsen.

22.    After the Sacramento Police Officers slowly approached the vehicle they were stunned in disbelief as they noticed the Plaintiff ADAN MARTINEZ was still alive and moving.

23.    Plaintiff ADAN MARTINEZ was transported to Kaiser Permanente Hospital in Sacramento, CA and given emergency surgeries to remove bullets and glass fragments that still remain in his body causing serious pain and suffering to this very day.

24.    Plaintiff ADAN MARTINEZ has also lost the use of his left hand because of the injuries and cannot move his wrist or fingers.

25.    Plaintiff ADAN MARTINEZ is suffering serious emotional distress, anxiety, fear, grief, loss of motivation, depression, and feelings of hopelessness that now accompany his diagnosis of Post-Traumatic Stress Syndrome which is so severe that Plaintiff ADAN MARTINEZ will never again be able to drive a vehicle, or attend public events from the traumas he experienced at the hands of the Sacramento Police Officers who chose to use deadly force, rather than shooting out his tires, or blocking his path these officers chose to attempt to kill Plaintiff ADAN MARTINEZ.

26.    Officers ERIC TOOMEY; NICHOLAS CARO and DOES 1-10 fired approximately twenty (20) gunshots at Plaintiff ADAN MARTINEZ, including shots as he was going to the ground and shots after he had already went down to the ground.

27.    At the time of the shooting, Plaintiff ADAN MARTINEZ was unarmed, with his windows to his minivan all the way up.

28.    At the time of the shooting Plaintiff ADAN MARTINEZ posed no immediate threat of death or serious physical injury to either Officers ERIC TOOMEY, NICHOLAS CARO and DOES 1-10, or any other person,

especially since he was unarmed and since he was sitting is his mini-van when her was shot unarmed and without being a threat.

29.    Both Officers ERIC TOOMEY and NICHOLAS CARO did not give Plaintiff ADAN MARTINEZ a verbal warning that deadly force would be used prior to shooting Plaintiff ADAN MARTINEZ multiple times, despite it being feasible to do so and they did not issue appropriate commands to Plaintiff ADAN MARTINEZ.  Further, the involved officers did not announce themselves as police prior to the shooting.

30.    Plaintiff ADAN MARTINEZ never verbally threatened anyone prior to being shot by Officers ERIC TOOMEY and NICHOLAS CARO.  Further, Plaintiff ADAN MARTINEZ did not commit any serious crime, the involved officers did not observe him commit any crime, the involved officers had no information that Plaintiff ADAN MARTINEZ was armed with a weapon, and there was no information that Plaintiff ADAN MARTINEZ had physically injured anyone.

31.    The involved officers shot Plaintiff ADAN MARTINEZ even though he was not an immediate threat of death or serious bodily injury to the officers or anyone else and there were other less than lethal options available.  Officers ERIC TOOMEY and NICHOLAS CARO did not show a reverence for human life.  The involved officers are responsible for every single shot they fired and this was not an immediate defense of life situation.

32.    On information and belief, Defendants ERIC TOOMEY and NICHOLAS CARO had no information that Plaintiff ADAN MARTINEZ had committed a felony.

33.    After striking Plaintiff ADAN MARTINEZ approximately nine (9) times, ERIC TOOMEY and NICHOLAS CARO did not provide or summons timely medical attention for Plaintiff ADAN MARTINEZ, who was bleeding

profusely and had obvious serious injuries, and ERIC TOOMEY and NICHOLAS CARO also did not allow and prevented responding medical personnel on-scene to timely render medical aid/assistance to Plaintiff ADAN MARTINEZ.

## FIRST CLAIM FOR RELEIF

### Unreasonable and Excessive Force

### (U.S. Const., Amend. IV; 42 U.S.C. § 1983)

### (Against Defendants ERIC TOOMEY and NICHOLAS CARO
### and Does 1-4)

34.    Plaintiff ADAN MARTINEZ realleges and incorporates the allegations of the preceding paragraphs, to the extent relevant, as if fully set forth in this Complaint.

35.    Defendants ERIC TOOMEY and NICHOLAS CARO and Does 1-4 caused Plaintiff to be detained and they attempted to arrest Plaintiff in violation of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

36.    As a result of the conduct of ERIC TOOMEY and NICHOLAS CARO and Does 1-4, they are liable for Plaintiff's injuries because they were integral participants to the violations of Plaintiff's rights.

37.    The Plaintiff was detained without reasonable suspicion by ERIC TOOMEY and NICHOLAS CARO and Does 1-4 and they attempted to arrest Plaintiff without probable cause.

38.    The conduct of ERIC TOOMEY and NICHOLAS CARO and Does 1-4 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to ERIC TOOMEY and NICHOLAS CARO and

Does 1-4.

39.     Accordingly, ERIC TOOMEY and NICHOLAS CARO and Does 1-4 are each liable to Plaintiff for compensatory and punitive damages under 42 U.S.C. § 1983.

40.     Plaintiff also seeks attorney fees under this claim.

## SECOND CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)**

**(Against Defendants ERIC TOOMEY and NICHOLAS CARO**

**and Does 1-4)**

41.     Plaintiff repeats and realleges each and every allegation in this Complaint with the same force and effect as if fully set forth herein.

42.     Defendants ERIC TOOMEY, NICHOLAS CARO and DOES 1-4 unjustified shooting deprived Plaintiff of his right to be secure in his persons against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

43.     The unreasonable use of force by Defendants ERIC TOOMEY, NICHOLAS CARO and DOES 1-4 deprived the Plaintiff of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

44.     As a result, Plaintiff suffered and continues to suffer extreme mental and physical pain and suffering, loss of enjoyment of life and of earning capacity.

45.     As a result of the conduct of ERIC TOOMEY, NICHOLAS CARO and DOES 1-4, they are liable for Plaintiff ADAN MARTINEZ injuries because they were integral participants to the violations of Plaintiff's rights.

46.     The use of deadly force was excessive because this was not an

immediate defense of life situation, the involved officers did not give a verbal warning that deadly force would be used despite it being feasible to do so, there were no commands given and there were other reasonable options available other than shooting and nearly killing Plaintiff.

47.     This use of deadly force was excessive and unreasonable under the circumstances, especially since Plaintiff was unarmed and he was going to the ground or he was already on the ground for the many of the gunshots, including shots to his back and shots from behind.  The involved officers also fired twenty (20)  shots striking Plaintiff approximately nine (9) times.  Defendant's actions thus deprived Plaintiff of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

48.     The conduct of ERIC TOOMEY and NICHOLAS CARO was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendants ERIC TOOMEY and NICHOLAS CARO

49.     Plaintiff also seeks attorney fees under this claim.

## THIRD CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

**(Against Defendants ERIC TOOMEY and NICHOLAS CARO and Does 1-4)**

50.     Plaintiff repeats and realleges each and every allegation in this Complaint with the same force and effect as if fully set forth herein.

51.     The denial of medical care by Defendants ERIC TOOMEY and NICHOLAS CARO deprived Plaintiff ADAN MARTINEZ of his right to be secure in his person against unreasonable searches and seizures as guaranteed to

Plaintiff ADAN MARTINEZ under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

52.     As a result, Plaintiff ADAN MARTINEZ suffered extreme mental and physical pain and suffering and loss and earning capacity.

53.     Defendants ERIC TOOMEY and NICHOLAS CARO knew that failure to provide timely medical treatment to Plaintiff ADAN MARTINEZ could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing Plaintiff ADAN MARTINEZ great bodily harm and death.

54.     After shooting Plaintiff ADAN MARTINEZ multiple times, ERIC TOOMEY and NICHOLAS CARO did not timely summon or provide timely medical attention for Plaintiff ADAN MARTINEZ, who was bleeding profusely and had obvious serious injuries, and ERIC TOOMEY and NICHOLAS CARO also did not allow and prevented responding medical personnel on-scene to timely render medical aid/assistance to Plaintiff ADAN MARTINEZ.

55.     The conduct of Defendants ERIC TOOMEY and NICHOLAS CARO was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff ADAN MARTINEZ and therefore warrants the imposition of exemplary and punitive damages as to Defendants ERIC TOOMEY and NICHOLAS CARO.

56.     Plaintiff also seeks attorney's fees under this claim.

## FOURTH CLAIM FOR RELIEF

### Substantive Due Process (42 U.S.C. § 1983)

### (Against Defendants ERIC TOOMEY and NICHOLAS CARO

### and Does 1-4)

57.     Plaintiff repeats and realleges each and every allegation in this Complaint with the same force and effect as if fully set forth herein.

58.     Plaintiff had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience.

59.     As a result of the excessive force by ERIC TOOMEY and NICHOLAS CARO, Plaintiff ADAN MARTINEZ suffered permanent physical and psychological injury.

60.     ERIC TOOMEY and NICHOLAS CARO, acting under color of state law, thus violated the Fourteenth Amendment rights of Plaintiff

61.     The aforementioned actions of ERIC TOOMEY and NICHOLAS CARO, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of Plaintiff, ADAN MARTINEZ, with purpose to harm unrelated to any legitimate law enforcement objective.

62.     Defendants ERIC TOOMEY and NICHOLAS CARO, acting under color of state law, thus violated the Fourteenth Amendment rights of Plaintiff, ADAN MARTINEZ.

63.     As a direct and proximate cause of the acts of ERIC TOOMEY and NICHOLAS CARO, Plaintiff suffered extreme and severe mental anguish and pain and has been injured in mind and body.

64.     As a result of the conduct of ERIC TOOMEY and NICHOLAS CARO, they are liable for Plaintiff, ADAN MARTINEZ's injuries because they were integral participants in the denial of due process.

65.     The conduct of ERIC TOOMEY and NICHOLAS CARO was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendants ERIC TOOMEY and NICHOLAS CARO.

66.    Plaintiff also seeks attorney fees under this claim

## FIFTH CLAIM FOR RELIEF

**Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

**(Against Defendants CITY OF SACRAMENTO and Does 5-10)**

67.    Plaintiff repeats and realleges each and every allegation in this Complaint with the same force and effect as if fully set forth herein.

68.    On and for some time prior to February 14, 2021 (and continuing to the present date) Defendants DOES 5-10, deprived Plaintiff of the rights and liberties secured to him by the Fourth and Fourteenth Amendments to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiff, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

(a)    Employing and retaining as police officers and other personnel, including ERIC TOOMEY and NICHOLAS CARO whom Defendants DOES 5-10, at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written CITY Police Department policies;

(b)    Of inadequately supervising, training, controlling, assigning, and disciplining CITY Police Officers, and other personnel, who Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(c)    By failing to adequately train officers, including ERIC TOOMEY and NICHOLAS CARO, and failing to institute appropriate policies, regarding the use of excessive force, including deadly force;

(d)   By having and maintaining an unconstitutional policy, custom, and practice of using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects.   The policies, customs, and practices of DOES 5-10 and CITY, were done with a deliberate indifference to individuals' safety and rights; and

(e)   Of totally inadequately training CITY Police Officers, ERIC TOOMEY and NICHOLAS CARO, with respect to shooting unarmed individuals.

69.   By reason of the aforementioned policies and practices of Defendants DOES 5-10, Plaintiff was severely injured and subjected to pain and suffering and loss of earning capacity.

70.   Defendants DOES 5-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.   Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.   Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff, and other individuals similarly situated.

71.   By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants DOES 5-10, acted with an intentional, reckless, and callous disregard for the health and safety of Plaintiff ADAN MARTINEZ, and his constitutional rights.   Defendants DOES 5-10, each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

72.   Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendants DOES 5-10, were affirmatively

linked to and were a significantly influential force behind the injuries of Plaintiff ADAN MARTINEZ.

73.     By reason of the aforementioned acts and omissions of Defendants DOES 5-10, Plaintiff suffered personal injuries, pain and suffering, emotional distress, medical expenses and loss of income.

74.     Accordingly, Defendants DOES 5-10, each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

75.     Plaintiff also seeks attorney fees under this claim.

## SIXTH CLAIM FOR RELIEF

**Municipal Liability – Failure to Train (42 U.S.C. § 1983)**

**(Against Defendants CITY OF SACRAMENTO and Does 5-10)**

76.     Plaintiff repeats and realleges each and every allegation in this Complaint with the same force and effect as if fully set forth herein.

77.     While acting under the color of state law and within the course and scope of their employment as police officers for the CITY police department, ERIC TOOMEY and NICHOLAS CARO's shooting of Plaintiff ADAN MARTINEZ who was unarmed with nothing in his hand, deprived Plaintiff ADAN MARTINEZ of his rights and liberties secured to him by the Fourth and Fourteenth Amendments, including his right to be free from unreasonable search and seizure.

78.     The training policies of the defendant CITY police department were not adequate to train its police officers, including but not limited to, ERIC TOOMEY and NICHOLAS CARO, with regards to using deadly force.  As a result, CITY police officers, including ERIC TOOMEY and NICHOLAS CARO, are not able to handle the usual and recurring situations with which they must deal, including making contact with unarmed individuals holding nothing in

their hands.   These inadequate training policies existed prior to the date of this incident and continue to this day.

79.    The Defendant CITY police department was deliberately indifferent to the known or obvious consequences of its failure to train its police officers, including ERIC TOOMEY and NICHOLAS CARO, adequately with regards to using deadly force.  This inadequate training includes failing to teach officers to give a verbal warning when feasible prior to using deadly force, to give commands when feasible prior to using deadly force, to take cover when the officers believe an individual is armed, to announce themselves as police and to use less than lethal options, prior to resorting to the use of deadly force.

80.    CITY was aware that failure to implement some sort of training with regards to their officers' use of deadly force and dealing with unarmed suspects, including suspects with nothing in their hands, would result in continuing to have numerous unreasonable officer involved shootings of unarmed individuals annually.

81.    The failure of the Defendant CITY police department to provide adequate training with regards using deadly force, caused the deprivation of the Plaintiff's rights by ERIC TOOMEY and NICHOLAS CARO.  In other words, the Defendant's failure to train is so closely related to the deprivation of the Plaintiff's rights as to be the moving force that caused the ultimate injury.

82.    By failing to provide adequate training to CITY's police officers, including ERIC TOOMEY and NICHOLAS CARO, Defendants DOES 5-10, acted with an intentional, reckless, and callous disregard Plaintiff ADAN MARTINEZ's constitutional rights.

83.    Defendants DOES 5-10, each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

84.     By reason of the aforementioned acts and omissions of Defendants DOES 5-10, Plaintiff suffered personal injuries, pain and suffering, emotional distress, medical expenses and loss of income.

85.     Accordingly, Defendants DOES 5-10, each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

86.     Plaintiff also seeks attorney fees under this claim.

## SEVENTH CLAIM FOR RELIEF

**False Arrest/False Imprisonment (Cal. Govt. Code § 820 and California Common Law)**

**(Against Defendants CITY OF SACRAMENTO, ERIC TOOMEY and NICHOLAS CARO and Does 1-4)**

87.     Plaintiff repeats and realleges each and every allegation in this Complaint with the same force and effect as if fully set forth herein.

88.     Defendants ERIC TOOMEY and NICHOLAS CARO, while working as police officers for CITY, and acting within the course and scope of their duties, intentionally deprived Plaintiff ADAN MARTINEZ of his freedom of movement by use of force, threats of force and unreasonable duress when Defendants ERIC TOOMEY and NICHOLAS CARO shot Plaintiff ADAN MARTINEZ multiple times and nearly killed him.  Defendants ERIC TOOMEY and NICHOLAS CARO intentionally shot at Plaintiff ADAN MARTINEZ in order to detain him.   Defendants TERRENCE ERIC TOOMEY and NICHOLAS CARO also detained Plaintiff ADAN MARTINEZ without reasonable suspicion.   There was an attempt by ERIC TOOMEY and NICHOLAS CARO to arrest Plaintiff ADAN MARTINEZ without probable cause.

89.     Plaintiff ADAN MARTINEZ did not knowingly or voluntarily consent to his detention or attempted arrest. On information and belief Plaintiff

ADAN MARTINEZ did not feel that he was free to leave as he lay dying on the ground. By shooting Plaintiff ADAN MARTINEZ, Defendants ERIC TOOMEY and NICHOLAS CARO, deprived Plaintiff ADAN MARTINEZ, who was unarmed, of his liberty without justification.   Further, Defendants ERIC TOOMEY and NICHOLAS CARO did not have probable cause to believe that Plaintiff ADAN MARTINEZ, specifically, had committed any crime.

90.   The conduct against Plaintiff ADAN MARTINEZ by Defendants ERIC TOOMEY and NICHOLAS CARO, by shooting multiple shots at Plaintiff ADAN MARTINEZ, was a substantial factor in causing the harm of Plaintiff ADAN MARTINEZ, namely his death.

91.   CITY is vicariously liable for the wrongful acts of Defendants ERIC TOOMEY and NICHOLAS CARO pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

92.   The conduct of Defendants ERIC TOOMEY and NICHOLAS CARO was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff ADAN MARTINEZ, entitling Plaintiff to an award of exemplary and punitive damages.

93.   Plaintiff seeks compensatory and special damages under this claim.

**EIGHTH CLAIM FOR RELIEF**

**Battery (Cal. Govt. Code § 820 and California Common Law)**

**(Against Defendants CITY OF SACRAMENTO, ERIC TOOMEY and NICHOLAS CARO and Does 1-4)**

COMPLAINT

18

94.     Plaintiff repeats and realleges each and every allegation in this Complaint with the same force and effect as if fully set forth herein.

95.     ERIC TOOMEY and NICHOLAS CARO, while working as police officers for the CITY Police Department, and acting within the course and scope of their duties, intentionally shot Plaintiff ADAN MARTINEZ multiple times, striking Plaintiff ADAN MARTINEZ nine times.  Furthermore, Plaintiff ADAN MARTINEZ was unarmed at the time of the shooting with nothing in his hands and the involved officers did not give any verbal warning or commands prior to shooting Plaintiff ADAN MARTINEZ.  The use of deadly force was also unreasonable because there were clearly less than lethal options available.  As a result of the actions of ERIC TOOMEY and NICHOLAS CARO, Plaintiff ADAN MARTINEZ suffered and still suffers severe mental and physical pain and suffering, loss of enjoyment of life and from his injuries and lost earning capacity. ERIC TOOMEY and NICHOLAS CARO had no legal justification for using force against Plaintiff ADAN MARTINEZ and said Defendants' use of force while carrying out their officer duties was an unreasonable use of force, especially since Plaintiff ADAN MARTINEZ was unarmed when he was shot without verbal warning.  As a direct and proximate result of Defendants' conduct as alleged above, Plaintiff suffered extreme and severe mental anguish and pain and have been injured in mind and body.

96.     CITY is vicariously liable for the wrongful acts of ERIC TOOMEY and NICHOLAS CARO pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

97.     The conduct of ERIC TOOMEY and NICHOLAS CARO was malicious, wanton, oppressive, and accomplished with a conscious disregard for

the rights of Plaintiff, entitling Plaintiff, to an award of exemplary and punitive damages.

## NINTH CLAIM FOR RELIEF

**Negligence (Cal. Govt. Code § 820 and California Common Law)**

**(Against Defendants CITY OF SACRAMENTO, ERIC TOOMEY and**

**NICHOLAS CARO and Does 1-4)**

98.   Plaintiff repeats and realleges each and every allegation in this Complaint with the same force and effect as if fully set forth herein.

99.   The actions and inactions of the Defendants were negligent, including but not limited to:

(a)   the failure to properly and adequately train employees, including ERIC TOOMEY and NICHOLAS CARO, with regards to the use of force, including deadly force;

(b)   the failure to properly and adequately assess the need to detain, arrest, and use force, including deadly force against Plaintiff ADAN MARTINEZ;

(c)   the negligent tactics and handling of the situation with Plaintiff ADAN MARTINEZ , including pre-shooting negligence;

(d)   the negligent detention, arrest, and use of force, including deadly force, against Plaintiff ADAN MARTINEZ;

(e)   the failure to provide and or summons prompt medical care to Plaintiff ADAN MARTINEZ;

(f)   shooting an unarmed individual who had nothing in his hands;

(g)   failure to train with regards to objects easily distinguishable from guns;

(h)   the failure to give a verbal warning or any kind of command prior to shooting; and

(i)   the failure to properly train and supervise employees, both professional and non-professional, including ERIC TOOMEY and NICHOLAS CARO.

100.   As a direct and proximate result of defendants' conduct as alleged above, and other undiscovered negligent conduct, Plaintiff ADAN MARTINEZ was caused to suffer severe pain and suffering and lost earning capacity.  Also as a direct and proximate result of defendants' conduct as alleged above, Plaintiff suffered extreme and severe mental anguish and pain and have been injured in mind and body.

101.   CITY is vicariously liable for the wrongful acts of ERIC TOOMEY and NICHOLAS CARO pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

## TENTH CLAIM FOR RELIEF

### Negligent Infliction of Emotional Distress

### (Cal. Govt. Code § 829 and California Common Law)

### (Against Defendants CITY OF SACRAMENTO, ERIC TOOMEY and NICHOLAS CARO and Does 1-4)

102.   Plaintiff repeats and realleges each and every allegation in this Complaint with the same force and effect as if fully set forth herein.

103.   ERIC TOOMEY and NICHOLAS CARO negligently caused permanent physical and psychological damages  to Plaintiff ADAN MARTINEZ when ERIC TOOMEY and NICHOLAS CARO discharged their firearms at Plaintiff ADAN MARTINEZ, striking him multiple times and eventually almost killing him.  The use of deadly force by ERIC TOOMEY and NICHOLAS CARO was excessive, unreasonable and ERIC TOOMEY and NICHOLAS

CARO were negligent in discharging their firearms at Plaintiff ADAN MARTINEZ, including pre-shooting negligent conduct, actions, inactions and tactics.

104.   CITY is vicariously liable for the wrongful acts of Defendants ERIC TOOMEY and NICHOLAS CARO, inclusive, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

105.   As a proximate and legal result of said conduct, Plaintiff has suffered, and continues to suffer, pain, discomfort, mental anguish, anxiety, humiliation and embarrassment, all in an amount according to proof at trial.

## ELEVENTH CLAIM FOR RELIEF

### Violation of Bane Act (Cal. Civil Code § 52.1)

### (Against Defendants CITY OF SACRAMENTO, ERIC TOOMEY and NICHOLAS CARO and Does 1-4)

106.   Plaintiff repeats and realleges each and every allegation in this Complaint with the same force and effect as if fully set forth herein.

107.   California Civil Code, Section 52.1 (the Bane Act), prohibits any person from interfering with another person's exercise or enjoyment of his constitutional rights by threats, intimidation, or coercion (or by the use of unconstitutionally excessive force).

108.   Conduct that violates the Fourth Amendment violates the California Bane Act.

109.   Defendants ERIC TOOMEY and NICHOLAS CARO's use of deadly force was excessive and unreasonable under the circumstances, especially since Plaintiff ADAN MARTINEZ was unarmed with nothing in his hand when he was shot.  Further, the involved officers did not give a verbal warning or any

commands prior to using deadly force against Plaintiff ADAN MARTINEZ, despite being feasible to do so. Defendants' actions thus deprived Plaintiff ADAN MARTINEZ of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

110. The Plaintiff ADAN MARTINEZ was detained without reasonable suspicion and ERIC TOOMEY and NICHOLAS CARO attempted to arrest Plaintiff ADAN MARTINEZ without probable cause. Defendants' actions thus deprived Plaintiff ADAN MARTINEZ of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

111. ERIC TOOMEY and NICHOLAS CARO intentionally violated Plaintiff ADAN MARTINEZ's rights under § 1983 by detaining Plaintiff ADAN MARTINEZ without reasonable suspicion, by attempting to arrest Plaintiff ADAN MARTINEZ without probable cause, and by using excessive deadly force against Plaintiff ADAN MARTINEZ, including but not limited to, shooting the unarmed Plaintiff ADAN MARTINEZ without warning. Further, these acts by ERIC TOOMEY and NICHOLAS CARO demonstrate that they had a reckless disregard for Plaintiff ADAN MARTINEZ's constitutional rights.

112. At the time of the shooting Plaintiff ADAN MARTINEZ did not pose an immediate threat of death or serious bodily injury and Plaintiff ADAN MARTINEZ never verbally threatened anyone prior to the shooting. There is direct and circumstantial evidence that ERIC TOOMEY and NICHOLAS CARO intentionally violated Plaintiff ADAN MARTINEZ's rights under § 1983 by unlawfully detaining him, by attempting to unlawfully arrest him and by shooting Plaintiff ADAN MARTINEZ multiple times.

113.   ERIC TOOMEY and NICHOLAS CARO, while working as police officers for the CITY Police Department, and acting within the course and scope of their duties, interfered with or attempted to interfere with the rights of Plaintiff ADAN MARTINEZ to be free from unreasonable searches and seizures, to equal protection of the laws, to access to the courts, and to be free from state actions that shock the conscience, by threatening or committing acts involving violence, threats, coercion, or intimidation.  Plaintiff ADAN MARTINEZ, a Mexican-American male, was also racially profiled by the involved officers.

114.   Plaintiff ADAN MARTINEZ was caused to suffer extreme mental and physical pain and suffering and of earning capacity.

115.   The conduct of ERIC TOOMEY and NICHOLAS CARO was a substantial factor in causing the harms, losses, injuries, and damages of Plaintiff.

116.   CITY is vicariously liable for the wrongful acts of ERIC TOOMEY and NICHOLAS CARO pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

117.   The conduct of ERIC TOOMEY and NICHOLAS CARO was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff ADAN MARTINEZ entitling Plaintiff to an award of exemplary and punitive damages.

118.    Plaintiff also seeks attorney fees under this claim

**PRAYER FOR RELIEF**

COMPLAINT
24

WHEREFORE, Plaintiff ADAN MARTINEZ, requests entry of judgment in their favor and against Defendants CITY, ERIC TOOMEY and NICHOLAS CARO and DOES 1-10, inclusive, as follows:

A.    For compensatory and special damages in excess of $10,000,000, under federal and state law, in the amount to be proven at trial;

B.    For loss of income;

C.    For punitive damages against the individual defendants in an amount to be proven at trial;

D.    For interest;

E.    For reasonable costs of this suit and attorneys' fees; and

F.    For such further other relief as the Court may deem just, proper, and appropriate.

G.    For treble damages under Civil Code Section 52.1.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury in this action.

DATED:  July 12, 2021        SINA LAW GROUP

By   */s/ Reza Sina*
REZA SINA
Attorneys for Plaintiff
ADAN MARTINEZ